[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The attorney trial referee filed a report dated December 12, 1990 concluding that the plaintiff was entitled to judgment on the complaint for $3750.00 and that the defendant was entitled to judgment on the counterclaim for $2,635.33 plus attorney's fees of $395.30 and interest of $1,844.80. The plaintiff has filed a motion to correct the report and the defendant has filed a motion to accept the report.
In reviewing the report of an attorney trial referee the court cannot find additional facts beyond those found in the report unless they are admitted or undisputed. Dills v. Enfield, 210 Conn. 705, 714. The referee found that there were two written contracts between the parties, each of which was for the defendant to perform work and install materials at the plaintiff's property. Each contract provided that in the event of default in payment of the amount due, namely the price called for under the contract, the plaintiff was required to pay interest and a reasonable attorney's fee. The first contract, for installation of siding, gutters and leaders, was fully performed by the defendant and payment was made under the contract. The plaintiff's complaint is to recover damages for use of defective materials and improper installation of the siding. After hearing evidence from both sides, the referee recommended judgment on the plaintiff's complaint for $3,750, the cost of removing the old siding and replacing it with new siding. Interest is rarely awarded on what amounts to a negligence claim, and interest is generally limited to the types of claims which involve wrongful detention of money when it becomes due. See Bertozzi v. McCarthy, 164 Conn. 463, 466, 467, and cases cited therein. The referee properly refused to recommend interest on the plaintiff's claim for defective work and materials.
The defendant's counterclaim is based upon the second contract between the parties and is unrelated to the plaintiff's claim that the defendant negligently performed the first contract. While the claims of the parties were joined in the same action, they are separate claims. The referee found that the second contract was fully performed by the defendant and, as a result, properly concluded that the defendant was entitled to full payment under the second contract, in the amount of $2,635.33. That contract provided for interest and attorney's fees if the plaintiff defaulted in payment of the amount due under the contract. Since the plaintiff agreed in writing to pay interest and attorney's fees in event of default, the referee properly awarded attorney's fees and interest. The amount of the interest and attorney's fees is not disputed by the plaintiff in the motion to correct the report, and the interest was apparently calculated from 1987 based upon a rate of interest agreed to CT Page 3022 between the parties. Since the plaintiff has not questioned the interest calculation it will not be reviewed.
The plaintiff claims that it was improper for the referee to award attorney's fees and interest on the counterclaim but not on the plaintiff's complaint. The plaintiff further claims that there should be a setoff of the amounts due before the calculation of interest and attorney's fees, and that if this is done the defendant is not entitled to interest and attorney's fees because the $3,750 damages of the plaintiff exceed the unpaid amount on the contract of $2,635.33. The error of this argument is that it tries to subtract apples from oranges. There were two separate claims here, and recovery by the defendant on the second contract is separate and distinct from any amounts the plaintiff may be owed for improper performance of a separate contract between the parties for installation of the siding. The plaintiff could not properly withhold payment for performance of another, completed contract to avoid paying interest he had agreed to pay by asserting a claim that another contract had been negligently performed and setting of liquidated and unliquidated claims.
The motion to correct the report is denied. The motion to accept the report is granted. Judgment may enter in accordance with the referee's report.
ROBERT A. FULLER, JUDGE